Case 12-01782   Doc 8   Filed 01/17/13   Entered 01/18/13 09:42:18   Desc Main
Document   Page 1 of 3

12-01782:4.2:Motion for Entry of Default:Exhibit proposed findings of fact and conclusions of law Entered: 1/3/2013 11:31:42 AM by:Jonathan Parker Page 1 of 3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-33447 |
| | ) | |
| Alberto Aguinaga and | ) | Hon. Jack B. Schmetterer |
| Luz Maria Aguinaga | ) | |
| Debtors | ) | Chapter 13 |
| | ) | |
| | ) | |
| Alberto Aguinaga and | ) | Adv No. 12-01782 |
| Luz Maria Aguinaga | ) | |
| Plaintiffs | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Wells Fargo & Company | ) | |
| | ) | |
| Defendant | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Wells Fargo & Company, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 4512 W. 66th Place, Chicago, IL 60629.

2. Wells Fargo & Company is a lender and/or servicer of mortgages.

3. Plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on 08/23/2012 in the Northern District of Illinois, case number 12-33447.

4. This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6. Plaintiffs are the owners of real estate located at 1606 Thornbury Rd., Bartlett, IL 60103 described as follows:

Common Address: 4512 W. 66th Place, Chicago, IL 60629

Parcel ID #: 19-22-127-012-0000

7. The fair market value of the real estate is $127,000 pursuant to Exhibit A to the original adversary complaint.

8. A first mortgage lien is currently held by Wells Fargo in the amount of $143,411 pursuant to Exhibit B to the original adversary complaint.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $143,411, exceeds the value of the above real estate, $127,000.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: _____
Jack B. Schmetterer

JAN 17 2013

1/17/13

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603